**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| BEVERLY BYRD, *et al.*, | * | |
| Appellants, | * | |
| v. | * | Civil Action No. AW-07-0328 |
| SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A., *et al.*, | * | |
| Appellees. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Appellants Ralph T. Byrd and Beverly S. Byrd filed this bankruptcy appeal on February 6, 2007, seeking review of the Order of the Bankruptcy Court denying Appellants' objections to the second administrative claim of James M. Hoffman, Esq. ("Hoffman") and Shulman Rogers, Gandal Pordy & Ecker, P.A. ("SRGPE") (collectively, "Appellees"). Appellants contend conflicts of interest not only rendered unsustainable the administrative claims allowed by the Bankruptcy Court, but also tainted the entire proceeding below and preclude the accrual of any further administrative claims by Appellees. On March 5, 2007, Appellees filed a Motion to Dismiss (Paper No. 4), arguing, *inter alia*, that the instant appeal should be dismissed for lack of jurisdiction under 28 U.S.C. § 158(a). The Court has reviewed the entire record. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). Because the Court agrees with Appellees, the Court will grant the motion to dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 15, 2006, Hoffman submitted to the Bankruptcy Court a second application for compensation in the amount of $39,543.00 for fees and $2,875.74 for expenses incurred in his

1

capacity as "Special Counsel" to the Chapter 7 Trustee subsequent to the conversion of this case from Chapter 13 to Chapter 7 on March 20, 2006. On December 8, 2006, Appellants filed an opposition to the application. On December 12, 2006 the Bankruptcy Court granted Hoffman's application for compensation without a hearing.

## **DISCUSSION**

District courts have jurisdiction over appeals from final orders entered by bankruptcy courts. *See* 28 U.S.C.A. § 158(a). "A final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (internal quotation marks omitted). An interlocutory order is one which does not finally determine a cause of action, but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause on the merits. *United States v. O'Donnell (Matter of Abingdon Realty Corp.)*, 634 F.2d 133 (4th Cir. 1980).

The award of administrative expenses to Appellees in this case is not a final order. The Bankruptcy Court's Order did not resolve litigation over the liquidation of the Estate nor determined all of the Estate's expenses. As such, other claims of Appellees remain subject to the jurisdiction of the Bankruptcy Court. Appellants' attempt at a piecemeal appeal must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court will GRANT Appellees' Motion to Dismiss for Lack of Jurisdiction (Paper No. 4). An Order consistent with this Opinion will follow.

Date: <u>March 23, 2007</u>         <u>        /s/        </u>
                                    Alexander Williams, Jr.
                                    United States District Judge